# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-236


**STATE OF LOUISIANA**

**VERSUS**

**ROBERT LEE HEARD, JR.**


\*\*\*\*\*\*\*\*\*\*


ON REMAND FROM THE SUPREME COURT
OF THE UNITED STATES OF AMERICA
APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-4535
HONORABLE D. JASON MECHE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## PHYLLIS M. KEATY
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy Howard Ezell, Phyllis M. Keaty, and Van H. Kyzar, Judges.

**CONVICTION AND SENTENCE VACATED;
REMANDED FOR NEW TRIAL.**

**Paula C. Marx**
**Louisiana Appellate Project**
**Post Office Box 82389**
**Lafayette, Louisiana  70598-2389**
**(337) 991-9757**
**Counsel for Defendant/Appellant:**
      **Robert Lee Heard, Jr.**


**Earl B. Taylor**
**District Attorney**
**Jennifer M. Ardoin**
**Assistant District Attorney**
**Post Office Drawer 1968**
**Opelousas, Louisiana  70571**
**(337) 948-0551**
**Counsel for Appellee:**
      **State of Louisiana**

**KEATY, Judge.**

On November 20, 2012, Defendant, Robert Lee Heard, Jr., was charged by grand jury indictment with the first degree murder of his wife, Demetra Doyle, in violation of La.R.S. 14:30. On August 1, 2017, the State amended the indictment to charge Defendant with second degree murder, in violation of La.R.S. 14:30.1. On August 17, 2017, a jury found Defendant guilty as charged of second degree murder by an 11-1 verdict. Defendant appealed his conviction and sentence, contending he should have been convicted of manslaughter and that his conviction was illegal because of the non-unanimous jury verdict.

On November 7, 2018, this court affirmed Defendant's conviction and sentence. *State v. Heard*, 18-236 (La.App. 3 Cir. 11/7/18), 258 So.3d 875, *writs denied*, 18-2013, 18-2022 (La. 4/29/19), 268 So.3d 1029, 1033. Regarding Defendant's claim that his conviction was illegal because it was the result of a non-unanimous jury, this court stated:

> In his second assignment of error, Defendant contends that his conviction for second degree murder should not stand because it results from a non-unanimous jury verdict, which supports the sufficiency argument herein that the State failed to prove its case beyond a reasonable doubt. Defendant's argument fails in light of La.Code Crim.P. art. 782(A), which provides, in pertinent part: "Cases in which punishment is necessarily confinement at hard labor shall be tried by a jury composed of twelve jurors, ten of whom must concur to render a verdict." That particular statute was ruled constitutional in both *State v. Bertrand*, 08-2215, 08-2311 (La. 3/17/09), 6 So.3d 738, and *Apodaca v. Oregon*, 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972).

*Id*. at 882.

On April 27, 2020, the United States Supreme Court remanded the case to this court in light of *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020). *Heard v. Louisiana*, 590 U.S. ___, 140 S.Ct. 2713 (2020). In *Ramos*, the United States Supreme Court found non-unanimous jury verdicts unconstitutional.

Accordingly, Defendant's conviction and sentence for second degree murder via a non-unanimous verdict is vacated, and the case is remanded for a new trial.

## DISPOSITION

For the foregoing reasons, the conviction and sentence for second degree murder of Robert Lee Heard, Jr. is vacated, and the case is remanded for a new trial.

**CONVICTION AND SENTENCE VACATED; REMANDED FOR NEW TRIAL.**